IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARLENA CLARKSON**<br><br>    v.<br><br>**SEPTA** | **CIVIL ACTION**<br><br><br>**NO. 14-2510** |

### MEMORANDUM RE MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**Baylson, J.**                                                                                           **October 30, 2014**

Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA") moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) Plaintiff's failure to promote claims as untimely and her hostile work environment claims for failure to exhaust administrative remedies. The Court will grant the motion to dismiss the failure to promote claims with prejudice and for the hostile work environment claims without prejudice.

### I. Background

Plaintiff, an African-American female, began working for SEPTA in 1989. Between 2009 and 2011, Plaintiff claims SEPTA Assistant General Manager of Operations Luther Diggs pressured her to assist him in developing a sexual relationship with another SEPTA employee. Plaintiff refused and alleges she suffered discrimination and retaliation as a result.

On November 18, 2012, Plaintiff dual-filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") and the EEOC alleging Diggs (1) subjected her to discrimination and/or retaliation by pressuring her to assist him in developing a sexual relationship with the other employee; (2) failed to promote her to Warranty Administrator in 2009—even though she was the only candidate to successfully pass Excel testing and quality for an interview—by putting the position on hold until 2012; and (3) did not pay her the salary he

1

had promised her or to which she was entitled when she was ultimately promoted to Warranty Administrator in October 2012. Plaintiff contends she only learned about Diggs's retaliatory actions in placing the Warranty Administrator position on hold from another SEPTA employee in July 2012.

On March 3, 2013, Plaintiff dual-filed a second complaint with the PHRC and EEOC, alleging two other SEPTA employees subjected her to retaliation and/or discrimination for filing her first amended complaint by assigning her additional job goals, giving her conflicting directives, making her look bad in front of co-workers in one instance, and discussing her personal life with co-workers. With the exception of the hostile work environment claims, SEPTA does not move to dismiss these claims.

On May 1, 2014, Plaintiff filed the instant complaint. On September 9, 2014, SEPTA moved to dismiss the failure to promote claims as untimely and the hostile work environment claims for failure to exhaust administrative remedies (ECF No. 6).

## II. Analysis

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff. Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[1]

---

[1] Plaintiff suggests the Court should convert SEPTA's motion into one for summary judgment because SEPTA attached copies of Plaintiff's PHRC charges to its motion. But Plaintiff's argument lacks merit because "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." See Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004) (internal quotation marks and citation omitted). The PHRC charges are such documents. See Concha v. Perfecseal, Inc., No. 13-5709, 2014 WL 4634965, at *1 n.1 (E.D. Pa. Sept. 15, 2014) (noting the EEOC administrative record may be considered without converting the motion to dismiss into one for summary judgment).

A complaint may be dismissed for failure to state a claim on statute of limitations grounds "where the complaint facially shows noncompliance with the limitations period." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). Because prior submission of a complaint to the EEOC or relevant state agency and obtaining a right to sue letter are prerequisites to filing suit under Title VII, a complaint may also be dismissed under Rule 12(b)(6) for failure to exhaust administrative remedies. Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).

### A.   Timeliness of Failure to Promote Claims

Under Title VII, a claimant in Pennsylvania must file a charge of unlawful employment practice with the EEOC within 300 days of the alleged unlawful practice. 42 U.S.C. § 2000e-5(e)(1); Mikula v. Allegheny Cnty., 583 F.3d 181, 185 (3d Cir. 2009) (per curiam). A claimant must file a complaint with the PHRC within 180 days of the alleged discriminatory act. 43 Pa. Stat. Ann. § 959(h); Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997). These requirements apply to discrete employment actions, including promotion decisions. Noel v. The Boeing Co., 622 F.3d 266, 270 (3d Cir. 2010) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002)).

SEPTA argues Plaintiff's claims relating to Diggs's failure to promote her to Warranty Administrator in October 2009 should be dismissed as barred by the statute of limitations. SEPTA contends the complaint in untimely because Plaintiff did not file her EEOC and PHRC complaint until November 18, 2012, more than 300 days (EEOC) and 180 days (PHRC) after the alleged discriminatory act occurred.

But Plaintiff claims her filing was timely because the statute of limitations should have only started to run when she discovered Diggs's retaliatory motive in July 2012, not when the

3

initial failure to promote occurred. Plaintiff also appears to allege Diggs's retaliation against her was ongoing because he kept the Warranty Administrator position on hold until 2012.

The statute of limitations in employment discrimination cases generally begins to run when the discriminatory employment decision occurs. See Noel, 622 F.3d at 275 (citing Morgan, 536 U.S. at 113–14) ("[T]here is well-established Supreme Court precedent holding that discrete employment acts trigger the administrative clock at the time the employment decisions occur."). Moreover, the Supreme Court and the Third Circuit would likely reject Plaintiff's continuing violations theory as it relates to a failure to promote claim. See Morgan, 536 U.S. at 114 (reversing application of the continuing violations doctrine to discrete employment acts, such as a failure to promote, that occur outside the timely filing period); Noel, 622 F.3d at 275 (rejecting argument that each paycheck received started the administrative clock over because plaintiff stated a failure to promote claim, not a discriminatory compensation claim, and Morgan held that discrete employment acts such as failure to promote trigger the administrative clock at the time they occur).

Accordingly, for Plaintiff's claim to be timely, the Court would have to apply either the discovery rule or equitable tolling. See Morgan, 536 U.S. at 114 (noting employment discrimination filing periods remain subject to equitable doctrines); Oshiver, 38 F.3d at 1385 (describing the discovery rule and equitable tolling). But such equitable doctrines are to be applied "sparingly." Morgan, 536 U.S. at 114.

**1.    Discovery Rule**

In cases where the claimant discovers the occurrence of the alleged unlawful employment practice after it has occurred, the discovery rule postpones the beginning of the statutory limitations period from the date when the alleged unlawful employment practice occurred to the

date when the claimant actually discovered the injury. Oshiver, 38 F.3d at 1386. "[T]he 'polestar' of the discovery rule is not the plaintiff's actual knowledge of injury, but rather whether the knowledge was known, or through the exercise of reasonable diligence, knowable to the plaintiff." Id. Moreover, a claim accrues upon awareness of actual, as opposed to legal, injury. Id.

In Oshiver, the Third Circuit concluded the discovery rule did not render a discriminatory discharge claim timely because plaintiff discovered the injury on the date of discharge, not when she later learned that a male employee had been hired to do her job. Id. at 1391. Nor did the discovery rule make her failure to hire claim timely because, although the firm told her it would notify her about associate openings but did not, plaintiff failed to exercise reasonable diligence in checking with the firm periodically about such openings. Id.

In Bontigao v. Villanova University, No. 91-1844, 1991 WL 275629, at *3–4 (E.D. Pa. Dec. 23, 1991), plaintiff claimed he did not know the denial of his promotion was racially motivated until he obtained certain documents after the statutory period had run. The court concluded the discovery rule did not apply because plaintiff knew within the statutory period he had not been promoted, but failed to file a timely charge with the EEOC and PHRC. Id. at *3.

Here, Plaintiff discovered she was not promoted to Warranty Administrator in October 2009, at which time she had already refused to assist Diggs in developing a sexual relationship with another employee. That knowledge of actual injury set the administrative clock running. Although Plaintiff contends she only learned of the alleged legal wrong—Diggs's retaliatory placement of a hold on the Warranty Administrator position—in July 2012, the key date for statute of limitations purposes is October 2009, when Plaintiff knew she had not been promoted, not her later discovery of the allegedly discriminatory motive for that decision. See Oshiver, 38

F.3d at 1391. Plaintiff also fails to demonstrate the exercise of reasonable diligence because she does not allege she asked SEPTA for an explanation as to why she was not promoted in October 2009, even though she contends she was the only qualified applicant. See id. Because the discovery rule is to be applied "sparingly," it should not be applied here to excuse Plaintiff's untimely filing.

### 2. Equitable Tolling

Equitable tolling stops the statute of limitations from running where the claim's accrual date has already passed. Id. at 1387. The Third Circuit has indicated three nonexclusive situations in which equitable tolling may be appropriate: (1) where defendant has actively misled plaintiff respecting plaintiff's cause of action; (2) where plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where plaintiff has timely asserted his or her rights mistakenly in the wrong forum. Id. "Equitable tolling is an extraordinary remedy which should be extended only sparingly." Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005).

In Oshiver, the Third Circuit applied equitable tolling to deem plaintiff's discriminatory discharge claim timely. Accepting her allegations as true, the court concluded that they showed the firm had actively misled plaintiff regarding the reason for her discharge, and she was only alerted to the alleged unlawful discrimination after the statutory period had expired. Oshiver, 38 F.3d at 1391–92. But in Bontigao, the court refused to apply equitable tolling because plaintiff did not allege Villanova actively misled him, prevented him in some extraordinary way from asserting his rights, or that he timely asserted his rights in the wrong forum. Bontigao, 1991 WL 275629, at *4.

6

As an extraordinary remedy to be applied sparingly, equitable tolling is not appropriate here. Plaintiff does not allege SEPTA actively misled her, prevented her in some extraordinary way from asserting her rights, or that she timely asserted her rights mistakenly in the wrong forum. Although Plaintiff contends she only learned in July 2012 of Diggs's retaliatory motive in placing the October 2009 Warranty Administrator vacancy on hold, she does not allege SEPTA provided her any reasons—let alone actively misled her—for the denial of her promotion.

Accordingly, we will grant SEPTA's motion to dismiss Plaintiff's failure to promote claims as untimely.

**B.     Hostile Work Environment Claims**

SEPTA also moves to dismiss Plaintiff's hostile work environment claims—which were pleaded in the complaint as part of Plaintiff's retaliation claims but not raised before the EEOC or PHRC—for failure to exhaust administrative remedies. Plaintiff contends she asserted hostile work environment claims to the PHRC during the course of its investigation and contends her hostile work environment claims are sufficiently close to her other claims that the administrative exhaustion requirement does not apply to them.

A claimant alleging workplace discrimination is required to exhaust administrative remedies before bringing suit in federal court. Robinson, 107 F.3d at 1020. But if "the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom," a claimant is not required to exhaust administrative remedies. Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996) (quoting Waiters v. Parsons, 729 F.2d 233, 235 (3d Cir. 1984) (per curiam)). Because EEOC "charges are most often drafted by

one who is not well versed in the art of legal description [,] . . . the scope of the original charge should be liberally construed." Hicks v. ABT Assocs., Inc., 572 F.2d 960, 965 (3d Cir. 1978).

In Waiters, the Third Circuit found plaintiff did not need to exhaust administrative remedies because her core grievance—retaliation—was the same as in her prior complaint and her allegations fell within the scope of the investigation into the prior complaint. Waiters, 729 F.2d at 238. By contrast, in Antol the court found the claimant failed to exhaust because his new claim—gender discrimination—did not fall within the scope of his disability discrimination complaint, and that complaint did not "fairly encompass a claim for gender discrimination merely because investigation would reveal that Antol is a man and the two employees who received the positions are women." Antol, 82 F.3d at 1295–96.

Here, Plaintiff's first complaint to the PHRC and EEOC focuses on discriminatory and/or retaliatory failure to promote arising out of Diggs's actions and wage discrimination and/or retaliation because her salary increase was less than she contends she was promised and entitled to. Her second complaint alleges discrimination and/or retaliation stemming from the filing of her first complaint, including the assignment of additional job goals, receiving conflicting directives, being made to look bad in front of co-workers in one instance, and having her personal life discussed in front of co-workers.

Plaintiff's allegations focus on failure to promote, retaliation, and discrimination, and a hostile work environment claim is different. See Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (noting that a hostile work environment is a workplace permeated with discriminatory intimidation, ridicule, and insult so pervasive as to alter the terms and conditions of the victim's employment and to create an abusive working environment); Ocasio v. City of Bethlehem, No. 08-3737, 2009 WL 37518, at *3 (E.D. Pa. Jan. 7, 2009) (dismissing hostile work environment

claims because most of the EEOC charge was dedicated to failure to promote and no facts supporting a hostile work environment claim were presented in the charge). Moreover, Plaintiff's complaint does not provide any of the evidence of hostile work environment she claims she presented to the PHRC during the investigation.

Accordingly, we will dismiss Plaintiff's hostile work environment claims without prejudice to Plaintiff filing an amended complaint detailing the evidence of hostile work environment she claims she presented to the PHRC.

## IV. Conclusion

Because Plaintiff's failure to promote claims were untimely and no equitable doctrine applies to excuse Plaintiff's noncompliance with the statute of limitations, we will grant SEPTA's motion to dismiss those claims with prejudice. We will grant SEPTA's motion to dismiss Plaintiff's hostile work environment claims for failure to exhaust administrative remedies without prejudice to Plaintiff filing an amended complaint providing evidence of hostile work environment presented to the PHRC during the investigation.

An appropriate order follows.

O:\CIVIL 14\14-2510 clarkson v. septa\14-2510 -- MemorandumMTDGrant.docx