IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DARLENA CLARKSON<br><br>    v.<br><br>SEPTA | CIVIL ACTION<br><br><br>NO. 14-2510 |
|---|---|

**MEMORANDUM AND ORDER RE MOTION TO DISMISS**
**HOSTILE WORK ENVIRONMENT CLAIMS**

**Baylson, J.**                                                                                                          **March 23, 2015**

Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA") moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) Plaintiff's hostile work environment claims for failure to exhaust administrative remedies and/or failure to establish a hostile work environment. This civil rights case arises out of claims SEPTA unlawfully discriminated against Plaintiff on account of her gender and retaliated against her. Plaintiff claims SEPTA Assistant General Manager of Operations Luther Diggs pressured her to assist him in developing a sexual relationship with another SEPTA employee. Plaintiff refused to assist him and alleges she suffered discrimination and retaliation as a result.

On October 30, 2014, the Court issued Memorandum (ECF 9) and Order (ECF 10) dismissing Plaintiff's failure to promote claims under Title VII and the Pennsylvania Human Rights Act ("PHRA") with prejudice and dismissing Plaintiff's hostile work environment claims under Title VII and the PHRA without prejudice. Clarkson v. SEPTA, No. 14-2510, 2014 WL 5483546 (E.D. Pa. Oct. 30, 2014).

On November 29, 2014, Plaintiff filed an Amended Complaint (ECF 11). As part of her retaliation claims under Title VII and the PHRA, Plaintiff alleges that she was subjected to a hostile work environment. On December 18, 2014, Defendant moved to dismiss the hostile work

1

environment claims on the grounds that Plaintiff failed to exhaust administrative remedies and Plaintiff's allegations were insufficient to establish hostile work environment claims as a matter of law (ECF 12). On December 29, 2014, Plaintiff filed a response, arguing that she properly exhausted administrative remedies by advising the Pennsylvania Human Relations Commission ("PHRC") of her retaliatory harassment and hostile work environment claims.

Having reviewed Plaintiff's Amended Complaint, the Court concludes that Plaintiff seeks to bring claims of retaliatory harassment, not separate hostile work environment claims. The Third Circuit has recognized a cause of action where retaliation manifests as a hostile work environment. Jensen v. Potter, 435 F.3d 444, 449 (3d Cir. 2006) (recognizing "retaliatory harassment" cause of action under Title VII), overruled in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006). In a retaliatory harassment claim, harassment that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination" is sufficient to establish an adverse employment action. Moore v. City of Phila., 461 F.3d 331, 341 (3d Cir. 2006) (quoting Burlington N., 548 U.S. at 68) (internal quotation marks omitted).

In Plaintiff's second complaint to the PHRC, which she dual-filed with the EEOC, Plaintiff alleges Defendant retaliated against her and lists several incidents of alleged retaliation. See ECF 12, Ex. C. These alleged incidents include the assignment of additional job duties, the receipt of conflicting directives, actions intended to make Plaintiff look bad in front of co-workers, and discussion of Plaintiff's personal life. In raising these issues before the PHRC and EEOC, Plaintiff has administratively exhausted her retaliatory harassment claims, of which the hostile work environment allegations form a part. Moreover, Plaintiff's Amended Complaint contains no freestanding hostile work environment claims, and Defendant has not moved to

dismiss Plaintiff's retaliatory harassment claims. Accordingly, the Court will deny Defendant's motion to dismiss Plaintiff's hostile work environment claims.

For these reasons, upon consideration of Defendant's Motion to Dismiss the Hostile Work Environment Claims in Plaintiff's Amended Complaint (ECF 12), it is **ORDERED** that the Motion to Dismiss is **DENIED**.

BY THE COURT:

s/Michael M. Baylson

**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 14\14-2510 clarkson v. septa\MTD.HWE.3.23.15.docx